# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | CV F 99 6575 OWW NEW (DLB) P |
| PATRICK L. RICHARDSON, | ORDER CONSTRUING MOTION FOR "DIRECT JUDGMENT" as MOTION FOR ENTRY OF DEFAULT (Doc. 81.) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR ENTRY OF DEFAULT (Doc. 81.) |
| | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT |
| H.L. BRYANT, | |
| | ORDER DIRECTING CLERK OF COURT TO SERVE PLAINTIFF WITH COPY OF DOCUMENT #59 and BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Patrick L. Richardson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 16, 2007, Plaintiff filed a pleading titled "Motion for Direct Judgment." In this pleading, Plaintiff complains that his case has been pending in the Court for too long and thus, he is entitled to judgment. Plaintiff states that there are enough merits and factors present in the case in order for the Court to make a ruling on the merits. Further, that no amount of litigation by the Defendants can change or undermine what happened at Corcoran State Prison.

///

///

**A.  MOTION FOR DIRECT JUDGMENT**

A review of the Court Docket shows that Plaintiff is correct in his statement that the case has been pending in the Court for a lengthy period.  However, the delay in proceeding with the case does not lie solely with the Court.  Plaintiff filed the action on November 1, 1999.  The Court screened the Complaint on January 13, 2000, and dismissed it because it did not allege cognizable claims for relief.  Plaintiff filed an Amended Complaint on February 11, 2000.  The Court found that the Complaint stated cognizable claims for relief against Defendants Bryant, Cooke, Walker, Garcia, Fujoika and Luna and sent Plaintiff the appropriate documentation to proceed with service of the Complaint on the Defendants.  After service was initiated and pending the filing of an Answer by Defendants, Plaintiff moved to compel preliminary and injunctive relief on June 7, 2000.  Defendants then filed a Motion to Dismiss on July 28, 2000.  However, Plaintiff still had not returned the completed USM 285 forms and thus, the Court issued an Order to Show Cause that they be returned or the case would be dismissed. Plaintiff moved for default judgment on September 8, 2000.  On September 22, 2000, Plaintiff filed a pleading indicating that he wanted to add additional defendants to the case.

On November 22, 2000, the Court issued Findings and Recommendations that Defendant Luna be dismissed from the action for Plaintiff's failure to comply with the Court order and return the USM 285 forms.  The Court also denied the Motion for Default Judgment and Motion to amend the Complaint to include new defendants.  By separate Findings and Recommendations, the Court recommended the Motion to Dismiss be granted in part and denied on part.  The District Court adopted the Findings and Recommendations regarding a previous Motion for preliminary injunctive relief on February 20, 2001.   Service was returned executed for numerous defendants on March 9, 2001.  On April 4, 2001, the Court then vacated its findings that Defendant Luna be dismissed and allowed Plaintiff to submit the USM 285 form.  This form was submitted on April 30, 2001, and service for Defendant Luna was returned executed on June 4, 2001.  Defendant Luna then filed a Motion for a More definite Statement on July 11, 2001.  The Court granted this Motion and again Dismissed the Complaint with leave to amend on November 14, 2001.  Instead of submitting a Second Amended Complaint, Plaintiff

1  filed an interlocutory appeal on January 23, 2002.  This appeal was resolved on May 9, 2002,
2  however, Plaintiff still had not filed a Second Amended Complaint.  The Court, on November
3  18, 2004, granted Plaintiff additional time to file a Second Amended Complaint which was
4  finally submitted on December 13, 2004.

5     Thus, contrary to the assertion by Defendant, this case has been actively proceeding.
6  Further, according to the Court docket, a Motion for More Definite Statement was filed in lieu of
7  an Answer by the Defendants.  Thus, the Court construes the motion to be one seeking entry of
8  default only, as a Rule 12(c) motion is not the correct procedural remedy when an answer has not
9  been filed.[1]

10    Entry of default is appropriate as to any party against whom a judgment for affirmative
11 relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of
12 Civil Procedure and where that fact is made to appear by affidavit or otherwise.  See Fed. R. Civ.
13 P. 55(a).

14    In this case, the Defendants have not failed to plead or otherwise defend.  As noted above,
15 Defendants moved for a more definite statement which was granted by the Court.  The Court
16 then ordered Plaintiff to file an Second Amended Complaint which is now awaiting screening
17 under the PLRA by the Court.  Plaintiff is aware that his case cannot proceed until a
18 determination that the Complaint states cognizable claims for relief.  Thus, until such a finding is
19 made regarding the Second Amended Complaint, Plaintiff is not entitled to relief.

20 **B. SECOND AMENDED COMPLAINT**

21    As noted above, the Court must screen the Second Amended Complaint before the case
22 can proceed.  After submitting the Second Amended Complaint, the action was placed on the
23 Court's screening track.[2]  When the case came up for review, however, the Court was unable to
24 locate the file containing the Second Amended Complaint.  After an exhaustive search of the
25 Court's records and the federal archives, the file remains missing.  The Court then contacted the

---

27  [1]See Valley Oak Credit Union v. Villegas (In re Villegas), 132 B.R. 742, 745 (B.A.P. 9th Cir. 1991).

28  [2]Plaintiff's Second Amended Complaint was filed before the Court began to maintain its records electronically.  Thus, all orders and pleadings filed in the case before 2005 were kept in hard copy form.

Attorney General's office to see if a copy of the Second Amended Complaint filed on December 13, 2004, could be submitted to the Court, however, that too proved unsuccessful. As a result, the Court cannot conduct the necessary screening of the Complaint until a copy of the Second Amended Complaint is submitted by Plaintiff. The Court will immediately screen the Second Amended Complaint upon its submission pursuant to this Order.

In the event Plaintiff does not have a copy of the previously filed Second Amended Complaint, he may submit a Third Amended Complaint. However, Plaintiff should ensure that he serves the Defendants with a copy of the Third Amended Complaint, does not add new claims or defendants and that the claims submitted are limited to those that have not been previously dismissed by the Court. Should Plaintiff do any of the above, the Court will have to process the entire case as though it were just filed. This will only serve to delay the case further. The Court will also direct the Clerk of Court to send Plaintiff a copy of the most recent Order dismissing the Complaint with leave to amend (regarding Defendant Luna) so that *if* Plaintiff has to reconstruct his Amended Complaint, he may appropriately do so by reviewing the identified deficiencies.[3]

Plaintiff is reminded that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original Complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff is reminded that pursuant to the Local Rules and the Federal Rules of Civil Procedure, all pleadings filed with the Court <u>must be served on the opposing party</u>.[4] Local Rule

---

[3] These deficiencies were identified in the Order issued on November 14, 2001, Document 59.

[4] Plaintiff did not attach a proof of service that the instant Motion was served on the opposing party. Generally, such failure warrants striking the pleading from the record.

5-135(b); Fed.R.Civ.P. 5.

## C. CONCLUSION AND ORDER

The Court HEREBY ORDERS:

1. The Motion for Direct Judgment is CONSTRUED as a Motion for Entry of Default; and

2. The Motion for Entry of DEFAULT is DENIED;

3. Plaintiff SHALL submit a copy of the Second Amended Complaint within THIRTY (30) days of the date of service of this Order or submit a reconstructed Second Amended Complaint titled "Third Amended Complaint" and submit it to the Court within the same allotted thirty days; and

4. The Clerk of Court is DIRECTED to serve Plaintiff with a copy of document #59 and a blank Civil Rights form.

Plaintiff is forewarned that his failure to comply with the Court Order may result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated: **March 27, 2007**              /s/ **Dennis L. Beck**
3b142a                                 UNITED STATES MAGISTRATE JUDGE