# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK L. RICHARDSON,<br><br>       Plaintiff,<br><br>   v.<br><br>H. BRYANT, et. al.,<br><br>       Defendants.<br> _____ / | 1:99-cv-06575-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR PRELIMINARY INJUNCTION<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

    Patrick Richardson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In his Second Amended Complaint, plaintiff requests a preliminary injunction to prohibit the defendants from harassing, punishing, threatening, or retaliating in any way against the plaintiff for filing this lawsuit. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction

should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

This action is proceeding against defendants for violation of plaintiff's rights by wrongfully detaining him in Administrative Segregation ("Ad-Seg") and by denying him access to the courts to litigate his petition for writ of habeas corpus.  An order prohibiting the defendants from harassing, punishing, threatening, or retaliating in any way against the plaintiff for filing the instant lawsuit would not remedy the claim upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.  Therefore, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, submitted as part of the Second Amended Complaint filed July 3, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 17, 2007**           /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE