UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RICHARDSON, | 1:99-cv-06575-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT BE DENIED |
| vs. | |
| H. L. BRYANT, et al., | (Docs. 112, 115.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I. BACKGROUND**

Plaintiff, Patrick Richardson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on November 1, 1999. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on July 3, 2007, against Defendant D. Ortiz ("Defendant") for denial of access to the courts.[1] (Doc. 85.)

On April 14, 2009 and May 26, 2009, Plaintiff filed motions for default judgment against Defendant. (Docs. 112, 115.)

**II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure

---

[1] All other claims and defendants have been dismissed from this action.

1

and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Default judgment may be entered by the Clerk if the plaintiff's claims are for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

Plaintiff seeks default judgment against Defendant under Rule 55(b)(2). Plaintiff argues that he is entitled to default judgment because Defendant failed to comply with the court's order requiring Defendant to file a Response to the Second Amended Complaint within thirty days. Plaintiff asserts that the court issued its order on February 23, 2009, and Defendant was required to file a Response on or before March 23, 2009. Plaintiff argues that Defendant's Response was untimely because Defendant did not file an Answer until March 25, 2009.

Plaintiff has incorrectly computed the thirty-day time period within which Defendant was required to file a Response. The court's order required Defendant to file a Response to the Second Amended Complaint "within thirty (30) days of the date of service of th[e] order." Doc. 108 at 2:3-5. Examination of the court's record shows that Magistrate Gary L. Austin signed the order on February 23, 2009, but the order was not entered on the record or served until February 24, 2009. See Court Docket. Thirty days from February 24, 2009 is March 26, 2009. Defendant filed an Answer to the Second Amended Complaint on March 25, 2009. Therefore, Defendant filed a Response twenty-nine days from the date of service of the court's order, within the court's thirty-day deadline.

### III. CONCLUSION AND ORDER

The court finds that because Defendant filed a timely Response to the Second Amended Complaint, Plaintiff is not entitled to default judgment against Defendant under Rule 55. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motions for default judgment against Defendant D. Ortiz be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

1 | Recommendations." Plaintiff is advised that failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:  September 9, 2009**         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE