**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK RICHARDSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>H. L. BRYANT, et al.,<br><br>    Defendants.<br>_____/ | 1:99-cv-06575-OWW-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS<br>(Doc. 133.) |

## I.  RELEVANT PROCEDURAL HISTORY

Plaintiff, Patrick Richardson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on November 1, 1999. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on July 3, 2007, against Defendant Captain D. Ortiz ("Defendant") for denial of access to the courts.[1] (Doc. 85.)

On March 26, 2009, the court issued a Discovery/Scheduling Order establishing deadlines of November 30, 2009 for completion of discovery, including motions to compel, and January 28, 2010 for the filing of dispositive motions. (Doc. 110.) On August 3, 2009, Plaintiff filed a motion to compel

---

[1] All other claims and defendants have been dismissed from this action.

production of documents by Defendant. (Doc. 133.) On August 13, 2009, Defendant filed an opposition. (Doc. 136.) Plaintiff did not file a reply to the opposition.

Plaintiff's motion to compel is now before the court.

## II. PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT ORTIZ AND ACCESS TO COURTS CLAIM

The events alleged in the Second Amended Complaint occurred at Corcoran State Prison beginning on July 14, 1999, while Plaintiff was incarcerated there. Plaintiff brings the following allegations against Defendant Captain D. Ortiz, the only defendant remaining in this action.

While Plaintiff was confined in Administrative Segregation ("Ad-Seg") for thirty-five days, he told Ortiz it was crucial for him to have appropriate court access to litigate his pending petition for habeas corpus at the court for the Northern District of California. Plaintiff told Ortiz he had a thirty-day court deadline. Ortiz acknowledged Plaintiff's predicament and wrote the information on a form, but otherwise ignored his request. Plaintiff alleges that Ortiz's conduct caused him to miss the thirty-day deadline, resulting in the dismissal of his habeas corpus action.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In this instance, Plaintiff's access claim is backward-looking, as Plaintiff claims that his pending habeas corpus petition was dismissed as a result of Defendant's inaction. To prevail on his claim, Plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that Plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips,

477 F.3d at 1076. The second element requires that Plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that Plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

## III. MOTION TO COMPEL

Plaintiff moves the court for an order compelling Defendant to produce documents. Plaintiff also requests that Defendant be ordered to pay $250.00 sanctions for causing him to bring a motion to compel.

### A. Federal Rules of Civil Procedure 26(b), 33(a), 34(a), and 37

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). Rule 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses " if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for ... an order compelling inspection in accordance with the request." Fed. R. Civ. Pro. 37(a)(2)(B). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ.

1  Pro. 37(a)(3).  The failure to respond to document requests "may not be excused on the ground that the
2  discovery sought is objectionable unless the party failing to act has a pending motion for protective
3  order." Fed. R. Civ. Pro. 37(d).  It is well established that a failure to object to discovery requests within
4  the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants,
5  959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).  The
6  moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of
7  discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

8       **B.     Plaintiff's Arguments**

9        Plaintiff requests an "order compelling defendants to produce all documents relating to this
10 Cause of Action, including any and all investigative reports and/or Staff misconduct Complaints
11 involving plaintiff and defendants at the California State Prison-Corcoran."  Pltf's Mtn, Doc 133 at 1.
12 Plaintiff contends that Defendant has made improper objections to plaintiff's requests for production of
13 documents, on the grounds that the documents are privileged or confidential, and that disclosure would
14 jeopardize the safety and security of inmates, staff, and the institution.  Plaintiff submits as exhibits his
15 First Request for Production of Documents, dated June 11, 2009, and Defendant Ortiz's Responses to
16 Plaintiff's First Request, dated July 20, 2009.  Pltf's Mtn, Doc. 133, Exh A & B.

17       **C.     Defendant's Opposition**

18       Defendant opposes Plaintiff's motion on the grounds that the information requested is not
19 relevant to the claim in this case and is protected by both privacy rights and the official information
20 privilege.  Defendant argues that any documents related to gang investigations or why plaintiff was
21 placed in Ad-Seg are not relevant to plaintiff's access to courts claim, which is the only claim remaining
22 in this action.  Defendant asserts that plaintiff's request for "discovery of complaint, tort claim, and
23 investigative files against the individual defendant(s) alleging unreasonable misconduct, or various
24 forms of dishonesty," is not a request plaintiff made in his request for production of documents, and
25 notes that plaintiff has not referred to any specific request or document.  Defendant argues that Plaintiff
26 is not entitled to any such documents, and it would be burdensome to even try to assemble the
27 documents as requested.  In addition, Defendant submits evidence that Defendant Ortiz's personnel file
28 ///

has been reviewed and contains no letters of reprimand or any evidence of untruthfulness. Decl of B. Kemp, Doc. 137 at ¶4.

### D. Discussion

It is undisputed that Plaintiff's only remaining claim in this action is against Defendant Ortiz for violation of Plaintiff's constitutional right of access to the courts, alleging that Ortiz ignored Plaintiff's requests for court access to litigate his pending petition for habeas corpus, resulting in the dismissal of the habeas corpus action. All other claims and defendants were dismissed from this action by the court on September 30, 2008. (Doc. 102.) Therefore, plaintiff is only entitled to obtain discovery of nonprivileged matter relevant to, or reasonably calculated to lead to the discovery of admissible evidence relevant to, his access to courts claim against Defendant Ortiz. Documents related to investigations into plaintiff's gang affiliations or the reasons he was placed in Ad-Seg are not relevant.

As for plaintiff's other requests in the motion to compel, plaintiff has not sufficiently narrowed the scope of the documents he wishes Defendant to produce or indicated how the documents are relevant to the claim and defenses in this action. The request for "all documents relating to this Cause of Action" encompasses any number of documents, failing to specify dates, locations, or other information to inform Defendant what to search for and when the search is over. Although Plaintiff refers to his First Request for Production of Documents, he fails to refer specifically to any of the enumerated Requests. Plaintiff has not shown how complaints, tort claims, and investigative files, as well as officers' personnel records, are relevant to whether Defendant Ortiz denied Plaintiff access to the courts. Without more information, the court must deny the motion to compel.

## IV. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff seeks monetary sanctions of $250.00 for Defendant's failure to comply with discovery.

### A. Request for Monetary Sanctions

Rule 37(a)(5)(A) provides:

> "If [a] motion to compel is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)  other circumstances make an award of expenses unjust."

In light of the fact that Plaintiff's motion to compel shall be denied, the motion for sanctions shall also be denied.

## V. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel discovery and for sanctions, filed August 3, 2009, is DENIED.

IT IS SO ORDERED.

**Dated:   November 5, 2009**                             **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE