IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RICHARDSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>H. L. BRYANT, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:99-cv-06575-OWW-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS<br><br>(Doc. 142.) |

**I.　RELEVANT PROCEDURAL HISTORY**

Plaintiff, Patrick Richardson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on November 1, 1999. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on July 3, 2007, against defendant Captain D. Ortiz ("Defendant") for denial of access to the courts.[1] (Doc. 85.)

On March 26, 2009, the court issued a Discovery/Scheduling Order establishing deadlines of November 30, 2009 for completion of discovery, including motions to compel. (Doc. 110.) On

---

[1] All other claims and defendants have been dismissed from this action.

1  November 13, 2009, Plaintiff filed a motion to compel further responses to requests for admissions by
2  Defendant and for sanctions. (Doc. 142.) On November 20, 2009, Defendant filed an opposition. (Doc.
3  144.)

**II.   PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT ORTIZ AND ACCESS TO COURTS CLAIM**

The events alleged in the Second Amended Complaint occurred at Corcoran State Prison beginning on July 14, 1999, while Plaintiff was incarcerated there. Plaintiff brings the following allegations against Defendant Captain D. Ortiz, the only defendant remaining in this action.

While Plaintiff was confined in Administrative Segregation ("Ad-Seg") for thirty-five days, he told Ortiz it was crucial for him to have appropriate court access to litigate his pending petition for habeas corpus at the court for the Northern District of California. Plaintiff told Ortiz he had a thirty-day court deadline. Ortiz acknowledged Plaintiff's predicament and wrote the information on a form, but otherwise ignored his request. Plaintiff alleges that Ortiz's conduct caused him to miss the thirty-day deadline, resulting in the dismissal of his habeas corpus action.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In this instance, Plaintiff's access claim is backward-looking, as Plaintiff claims that his pending habeas corpus petition was dismissed as a result of Defendant's inaction. To prevail on his claim, Plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that Plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips,

477 F.3d at 1076. The second element requires that Plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

### III. MOTION TO COMPEL

Plaintiff moves the court for an order compelling Defendant to provide further responses to Plaintiff's Request for Admissions.

#### A. Federal Rules of Civil Procedure 26(b), 36(a) and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Under Rule 36, "[A] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a)(2)(3). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

3

**B.     Plaintiff's Arguments**

Plaintiff requests an order compelling Defendant to provide further responses to Plaintiff's Request for Admissions, arguing that Defendant has responded with evasive tactics to over ninety percent of Plaintiff's Requests. Plaintiff submits a copy of the Request for Admissions and Defendant's responses dated October 12, 2009. (Exh to Motion.) Plaintiff argues that Defendant's objections to certain Requests as irrelevant, argumentative, and ambiguous are improper. Plaintiff contends that each of his Requests is relevant to the claims and allegations in this case. Plaintiff also argues that Defendant's objections to certain Requests as argumentative are based on "preconceived and perhaps prejudic[ial] assumptions," and any determination that a Request is ambiguous should be made by the judiciary, not by Defendant.

**C.     Defendant's Opposition**

Defendant opposes Plaintiff's motion on the ground that Defendant has already timely and properly answered or objected to Plaintiff's Requests for Admissions. Defendant argues that he has made proper objections to certain Requests as beyond the scope of the one claim remaining in this action, for denial of access to the courts while at Corcoran State Prison. Defendant argues that Plaintiff's requests for information regarding "the frivolous lock-up order," "media exposure and the political involvement of staff there in Salinas Valley with local politicians in Monterey County," "Corcoran staff are or were in cahoots with Monterey political figures and victims in Plaintiff's commitment case," "the Greenwall," and "Corcoran Sharks" are irrelevant to the subject matter of this action. Additionally, Defendant argues that Plaintiff fails to provide certification of a good-faith conference or attempt to confer with Defendant regarding the discovery responses, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.

**D.     Discussion**

It is undisputed that Plaintiff's only remaining claim in this action is against Defendant Ortiz for violation of Plaintiff's constitutional right of access to the courts, alleging that Ortiz ignored Plaintiff's requests for court access to litigate his pending petition for habeas corpus, resulting in the dismissal of the habeas corpus action. All other claims and defendants were dismissed from this action by the court on September 30, 2008. (Doc. 102.) Therefore, Plaintiff is only entitled to obtain discovery of

nonprivileged matter relevant to, or reasonably calculated to lead to the discovery of admissible evidence relevant to, his access to courts claim against Defendant Ortiz.

As a threshold issue, Defendant argues that the motion to compel should be denied because Plaintiff fails to provide certification of a good-faith conference or attempt to confer with Defendant regarding the discovery responses, as required by Rule 37(a)(1). This argument fails because pursuant to the court's Discovery and Scheduling Order issued in this action on March 26, 2009, "the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply." (Doc. 110 ¶5.)

Plaintiff's Request for Admissions consists of sixty-seven enumerated requests. (Exh. to Motion.) Defendant has objected and/or responded to each of the Requests. Plaintiff argues that Defendant's objections to certain Requests as irrelevant, argumentative, and ambiguous are improper, but Plaintiff fails to address any specific Request or response. The Court shall not attempt to guess which of Defendant's sixty-seven responses are objectionable to Plaintiff or on what grounds Plaintiff finds a particular response objectionable. In general, Defendant's objections appear to be proper. Defendant has provided substantive responses to many of the Requests. The court concurs with Defendant that some of Plaintiff's Requests contain language considered argumentative or ambiguous, and relevancy of some of the requested information is unclear. Based on this evidence, and without more specific argument by Plaintiff, the court does not find Defendant's responses to be evasive or incomplete, and Plaintiff's motion shall be denied.

**IV.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel discovery and for sanctions, filed on November 13, 2009, is DENIED.

IT IS SO ORDERED.

Dated:   **July 12, 2010**               **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

5